NOTICE
Decision filed 01/06/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220616-U

NOS. 5-22-0616, 5-22-0617 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* A.M. and M.M., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Champaign County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 22-JA-18, 22-JA-19 |
| | ) | |
| Timothy M., | ) | Honorable |
| | ) | Matthew D. Lee, |
| Respondent-Appellant). | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the respondent stipulated to evidence that he physically abused the minors and agreed with a recommendation that they be removed from his custody, the circuit court did not err in finding the minors abused, finding the respondent an unfit parent, and making the minors wards of the court. As any argument to the contrary would clearly lack merit, we grant leave to appointed counsel to withdraw and affirm the circuit court's judgment.

¶ 2    The respondent, Timothy M., appeals the circuit court's orders finding the respondent an unfit parent and making his children, A.M. and M.M., wards of the court. The respondent's appointed appellate counsel contends that there is no arguably meritorious contention that the circuit court erred in so doing. Accordingly, he has filed a motion to withdraw as counsel. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified the respondent of his motion and

this court provided the respondent with ample opportunity to file a response, but he has not done so. After reviewing the record and considering counsel's motion, we agree that this appeal presents no issue of even arguable merit. Therefore, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      On February 18, 2022, the State filed two substantively identical petitions for adjudication of wardship. Count I of each petition alleged that the minors were neglected because their mother, Paige R., had failed to correct conditions that resulted in a prior finding of parental unfitness. Count II alleged that the minors were abused in that the respondent injured them "by other than accidental means." Count III alleged that the minors were abused in that the respondent had committed sex offenses against them.

¶ 5      At a shelter care hearing held that same day, Department of Children and Family Services (DCFS) investigator April Wilson testified that Rantoul police had reported that A.M. did not attend school on February 14, 2022, because the respondent had punched her in the face and did not want anyone to see the resultant bruise. Later, A.M. told Wilson that the respondent would regularly punch her in the head, face, neck, and ribs, and treated M.M. similarly.

¶ 6      A.M. also told Wilson that the respondent regularly ordered A.M. to lay on the bed and take off her pants, after which the respondent would "put it in" her. The last such abuse occurred one to two weeks earlier. The circuit court found probable cause to believe that the minors had been abused and neglected, and an urgent necessity to place them in shelter care.

¶ 7      At an adjudicatory hearing on August 3, the respondent stipulated to count II of each petition. In return, the State agreed to dismiss count III of each petition (after noting that count I did not contain any allegations about the respondent) and not to use the stipulation as evidence in

2

a criminal case against the respondent resulting from his alleged abuse of A.M. The circuit court found, in the shelter care report, a factual basis for the stipulation.

¶ 8 At a subsequent dispositional hearing, Lutheran Social Services of Illinois (LSSI) noted that M.M., then age 13, had been placed with his paternal grandmother in Rock Falls, and had just begun eighth grade. A.M., age 10, was in the same house, but had been harming herself and threatening to burn the house down. She did set a fire, which M.M. extinguished.

¶ 9 LSSI caseworkers "expressed concerns" about A.M.'s placement, given that A.M.'s grandmother apparently did not believe her allegations of sexual abuse against the respondent. It appeared that the grandmother was communicating with the respondent, which was negatively affecting A.M.'s mental health. Caseworkers had discussed finding a "more supportive placement" for A.M.

¶ 10 Paige R. had not been heard from since at least April. She apparently had not been actively involved in the minors' lives for several years.

¶ 11 LSSI recommended that the circuit court grant custody and guardianship of both minors to DCFS, and that both parents be ordered to cooperate with recommended services. The respondent accepted these recommendations. Accordingly, the circuit court adjudged the minors to be neglected and abused, made them its wards, and found the respondent unfit and unable to parent and Paige R. unfit, unable, and unwilling to do so. In its dispositional order, the circuit court granted custody and guardianship of both children to DCFS. The circuit court also noted credible evidence that A.M. had disclosed abuse to her grandmother, with whom she was placed, but the grandmother took no action. The circuit court further noted A.M.'s self-harm and attempt to burn down her grandmother's house. Thus, the circuit court ordered DCFS to remove A.M. from her current placement.

¶ 12    At a subsequent status hearing, Zinanta Brown, an LSSI caseworker, testified that A.M. had been moved from her grandmother's house and placed with the family of a school friend. She seemed happy there and was scheduled to start school in the local system. Arrangements were being made to move M.M. as well. The respondent expressed a desire to appeal, and a notice of appeal was filed on his behalf.

¶ 13                                ANALYSIS

¶ 14    The respondent's appointed appellate counsel concludes that he can make no reasonably meritorious argument that the circuit court erred in finding the respondent an unfit parent and granting DCFS custody and guardianship of the minors. We agree.

¶ 15    The respondent stipulated to the allegations of physical abuse in count II of the petitions. Further, he did not dispute the recommendation that the circuit court grant DCFS custody and guardianship of the minors. Wilson's testimony and the accompanying reports, which the circuit court considered, provide a more than adequate factual basis for the stipulation and accompanying recommendations. The respondent, of course, never produced any countervailing evidence.

¶ 16    A stipulation is an agreement between the parties or their attorneys concerning business before the circuit court. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 462 (1992). It has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of that fact. *Id.* A parent's stipulation of facts can provide a sufficient basis by itself for a circuit court's finding of neglect. *In re R.B.*, 336 Ill. App. 3d 606, 618 (2003). A party may not be relieved from a stipulation unless it is clear that the stipulation is untrue, against public policy, unreasonable, or procured by fraud. *In re Commitment of Walker*, 2014 IL App (2d) 130372, ¶ 59. The record provides no evidence that any of these exceptions applies. Thus, there is no possible factual predicate for an argument that the circuit court erred.

4

¶ 17    Counsel asserts that, after being appointed to represent the respondent, he learned that his "primary, if not only, reason for appealing was to challenge the order that DCFS remove [A.M.] from the custody of his mother." Counsel concludes that an argument against this portion of the order would not be viable given that it was permitted by statute and there is no evidence in the record to support a claim that the order was erroneous.

¶ 18    Section 2-23(3) of the Juvenile Court Act of 1987 provides that the circuit court "shall enter any other orders necessary to fulfill the service plan." 705 ILCS 405/2-23(3) (West 2020). The circuit court may not "order specific placements, specific services, or specific service providers to be included in the plan." *Id.* However, this provision does not prevent a circuit court from ordering DCFS to remove a minor from a foster care placement and select another so long as the circuit court does not select the new placement. *In re B.S.*, 2021 IL App (5th) 200039, ¶ 31 (citing *In re A.L.*, 294 Ill. App. 3d 441, 446-47 (1998)).

¶ 19    The circuit court's order to remove A.M. from her grandmother's house was thus permitted by section 23-3(3). Moreover, the undisputed evidence was that the grandmother either did not believe A.M.'s allegations of sexual abuse by the respondent or blamed A.M. This attitude was, not surprisingly, affecting A.M.'s mental and emotional health. Thus, the order was supported by both the law and the facts.

¶ 20    In any event, any challenge to the order would be moot. The agencies were planning to move A.M. before the circuit court's order and, shortly thereafter, completed the move. A.M. was placed with a family friend and appeared happy there. An order to place A.M. back with her grandmother would run afoul of section 23-3(3)'s prohibition against ordering a specific placement. Accordingly, we agree with counsel that this appeal presents no issue of even arguable merit.

5

¶ 21                                    CONCLUSION

¶ 22    For the foregoing reasons, we grant counsel leave to withdraw and affirm the circuit court's

judgment.

¶ 23    Motion granted; judgment affirmed.